IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIM. NO.: 3:21-361 |
| | ) 18 U.S.C. § 1347 |
| v. | ) 18 U.S.C. § 24(b) |
| | ) 18 U.S.C. § 982(a)(7) |
| JOSEPH BENJAMIN BARTON | ) 28 U.S.C. § 2461(c) |
| | ) |
| | ) INFORMATION |

## COUNT 1

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

1. JOSEPH BENJAMIN BARTON owned and operated Midlands Physical Medicine, LLC, a Medicare Provider doing business in Richland County, South Carolina.

## THE MEDICARE PROGRAM

2. The Medicare Program was a federally funded program that provides health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services (HHS), through its agency, the Centers for Medicare and Medicaid Services (CMS), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

3. Medicare programs covering different types of benefits were separated into different program "parts." Part B of the Medicare Program covered, among other things, medically necessary implantable neuro-stimulator devices. Specifically, Medicare Part B may cover the implantation of central nervous system stimulators to provide therapies for the relief of chronic intractable pain. No payments may be made for the implantation of stimulator or services and

supplies related to such implantation unless all the facilities, equipment, and professional and support personnel required for the proper diagnosis, treatment, and follow up of the patient are provided.

4. Medicare was a "health care benefit programs," as defined by Title 18, United States Code, Section 24(b), in that it is a public plan affecting commerce under which medical benefits, items, and services are provided to individuals and under which individuals and entities who provide medical benefits, items, or services may obtain payments. Medicare was also a "Federal health care program" as defined in Title 43, United States Code, Section 1320a-7b(f).

## THE SCHEME AND ARTIFICE

5. Beginning in or around June 2016, until in or around February 2017, in the District of South Carolina, and elsewhere, JOSEPH BENJAMIN BARTON, through Midlands Physical Medicine, fraudulently submitted or caused to be submitted false claims to Medicare Part B for implantable neuro-stimulator pulse generators (Healthcare Common Procedure Code L8679) that beneficiaries did not receive, rendered by a doctor no longer affiliated with Midlands Physical Medicine.

6. JOSEPH BENJAMIN BARTON submitted or caused to be submitted claims to Medicare stating that a Medical Doctor rendered L8679 in a non-surgical setting when, in actuality, a mid-level provider -- a Physician Assistant in these instances -- was providing Medicare beneficiaries an auricular electrical nerve stimulation device that was not covered by Medicare in place of an implantable stimulator device.

7. Initially, JOSEPH BENJAMIN BARTON submitted or caused to be submitted claims to Medicare stating that the Physician Assistant rendered L8679; however, these claims were not paid.

8. The mid-level provider would apply the non-covered device to the skin in and

around the ear to provide the beneficiaries relief from pain and/or headaches. The Medical Doctor listed as the rendering provider on Midlands Physical Medicine claims was no longer affiliated with the practice and resided in another state during the period of the scheme and artifice. The Medical Doctor was not aware that JOSEPH BENJAMIN BARTON submitted these claims using his identifiers as the provider that rendered the services.

## PURPOSE OF THE SCHEME AND ARTIFICE

9. It was the purpose of the scheme and artifice for JOSEPH BENJAMIN BARTON to unlawfully enrich himself by, among other things: (a) submitting or causing the submission of false and fraudulent claims to a health care benefit program; (b) concealing the submission of false and fraudulent claims to a health care benefit program; and (c) diverting the proceeds of the false claims to his personal use and benefit.

10. As a result of the submission of such false and fraudulent claims, JOSEPH BENJAMIN BARTON caused a health care benefit program to make payments to Midlands Physical Medicine.

11. JOSEPH BENJAMIN BARTON then transferred and disbursed or caused the transfer and disbursement of fraudulent proceeds to himself and others.

12. As a result of the submission of false and fraudulent claims, JOSEPH BENJAMIN BARTON caused a health care benefit program to make fraudulent disbursements to Midlands Physical Medicine in the amount of approximately $194,000.

## HEALTH CARE FRAUD

13. On or about June 23, 2016, in the District of South Carolina, and elsewhere, JOSEPH BENJAMIN BARTON, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce,

as defined by Title, 18 United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that JOSEPH BENJAMIN BARTON submitted or caused the submission of false and fraudulent claims, in the name of T.K., for an Implantable Neuro-Stimulator, when that service was not rendered;

In violation of Title 18, United States Code, Sections 1347.

## FORFEITURE

FEDERAL HEALTH CARE FRAUD:

Upon conviction for felony violation of Title 18, United States Code, Section 1347 as charged in this Information, the Defendant, JOSEPH BENJAMIN BARTON, shall forfeit to the United States all of the Defendant's rights, title, and interest in and to any property, real and personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as a result of such violation.

PROPERTY:

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offense charged in this Information includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds Defendant obtained, directly or indirectly, from the offense charged in this Information, that is, a minimum of $194,000.00 in United States currency and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violation of Title 18.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

_____
M. RHETT DEHART (WDHjr, BBA)
ACTING UNITED STATES ATTORNEY